**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOSE CALDERON MENDEZ,

        Petitioner,               Case No. 2:26-cv-10444

    v.                      Hon. Brandy R. McMillion
                               United States District Judge

KEVIN RAYCRAFT, et al,

        Respondents.

_____/

**OPINION AND ORDER GRANTING**
**WRIT OF HABEAS CORPUS (ECF NO. 1)**

Petitioner Jose Calderon Mendez ("Calderon Mendez" or "Petitioner") has filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2241, alleging he is being unlawfully detained at the Monroe County Jail in violation of the Immigration and Nationality Act ("INA"). *See generally* ECF No. 1. Calderon Mendez, a Guatemalan citizen, entered the United States more than 30 years ago. ECF No. 1, PageID.7. He has three U.S. citizen children, the youngest of whom has chronic health issues, and a U.S. citizen brother who has applied for Calderon Mendez to obtain immigration status through an I-130 form filed with the United States Citizenship and Immigration Services ("USCIS") over ten years ago. *Id.* at PageID.7-8. Despite this, and his lack of criminal history, Respondents are holding

1

Calderon Mendez without the opportunity for a bond hearing after immigration officers arrested him on January 26, 2026. *Id.* For the reasons below, this Court finds that Calderon Mendez's detention without a bond hearing is unlawful, a violation of his due process rights, and orders his immediate release, or in the alternative, a bond hearing within seven (7) days. Accordingly, his Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**.

## I.

Calderon Mendez is a 49-year-old Guatemalan who entered the United States over 30 years ago in 1994. ECF No. 1, PageID.7. He has three U.S. citizen children, ages 20, 17, and 7—the youngest of whom suffers from chronic health issues. *Id.* at PageID.7-8. Petitioner also has a U.S. citizen brother who filed a Form I-130 petition with USCIS on his behalf approximately 10-12 years ago to obtain lawful immigration status for him. *Id.* at PageID.8.[1]

On January 26, 2026, immigration officers arrested Calderon Mendez after he made a wrong turn toward the U.S./Canada Ambassador Bridge. ECF No. 5, PageID.72. After arrest, DHS placed him into removal proceedings before the Detroit Immigration Court pursuant to 8 U.S.C. § 1229a. ECF No. 1, PageID.8. DHS charged Petitioner as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for being

---

[1] Respondents allege that this application was granted but that Petitioner never sought an immigrant visa. ECF No. 5, PageID.72.

2

present in the United States without admission or parole, then transferred him to the Monroe County Jail.  *Id.*   Petitioner alleges he never received a custody determination and instead is being detained without an opportunity to post bond or to be released on conditions.  *Id.*  Calderon Mendez has requested a redetermination hearing before an Immigration Judge.  *Id.*  To date, Petitioner remains detained at the Monroe County Jail and has not been afforded a bond hearing, so he seeks habeas relief from this Court.   The Government responds that under 8 U.S.C. § 1225(b)(2)(A), Calderon Mendez is properly detained because he falls in a category of noncitizens that the statute mandates be detained pending removal proceedings. *See generally* ECF No. 5.

The Petition was adequately briefed; therefore, a hearing is unnecessary.  *See* ECF Nos. 1, 2, 5; *see* E.D. Mich. L.R. 7.1(f)(2).  As the Petition is now ripe for decision, the Court will rule on the record before it.  *Id*.

## II.

Habeas relief is available when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  "All agree that absent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  Habeas relief is equally available

3

to non-citizens being held in immigration-related matters.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also AARP v Trump*, 145 S.Ct. 1364, 1367 (2025).

### III.

### A.    PROPER RESPONDENTS

Petitioner files this action against Kevin Raycraft ("Raycraft"), Director of the Detroit Field Office of ICE's Enforcement and Removal Operations division; Kristi Noem ("Secretary Noem"), Secretary of the U.S. Department of Homeland Security; the U.S. Department of Homeland Security ("DHS"); Pam Bondi, U.S. Attorney General; and the Executive Office for Immigration Review ("EOIR").  ECF No. 1, PageID.6-7.  In response, the Government contends that Petitioner's claims should be maintained against just Raycraft as the only proper respondent.  ECF No. 5, PageID.74.

In *Roman v. Ashcroft*, 340 F.3d 314, 322, 326 (6th Cir. 2003), the Sixth Circuit held that while "the immediate custodian rule generally applies to alien habeas corpus petitioners[,]" "an exception might be appropriate if the INS were to exercise its transfer power in a clear effort to evade an alien's habeas petitions."  *Id*. at 322, 326.  The Court finds that here, the exception is applicable, given the Court's concern about ICE's practice of moving detainees between districts.

Accordingly, keeping the United States Secretary of Homeland Security as a party in the case is warranted to ensure that Respondents maintain authority to

enforce this Court's grant of habeas relief and order that Petitioner receive a bond hearing or, alternatively, be released even if Petitioner is transferred out of the district under Raycraft's control.  The Court will therefore retain the Detroit ICE Field Office Director and the United States Secretary of Homeland Security as Respondents.  The Court will dismiss the United States Department of Homeland Security, the United States Attorney General, and the Executive Office for Immigration Review as Respondents.

**B.      STATUTORY INTERPRETATION**

The Court next turns to the central question in this case: which detention framework properly applies to Calderon Mendez?  According to Petitioner, it is § 1226, so the Government is violating the INA by instead applying § 1225(b)(2).  This Court has previously ruled that §1226(a) applies and finds the facts of this case warrant the same result.  *See Lopez Campos*, 2025 WL 2496379.

Section 1225(b)(2)(A) deals with "inspection and removal of arriving aliens," directing that immigration officials "shall" detain "an applicant for admission if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted."  8 U.S.C. § 1225(b)(2)(A). Section 1226, on the other hand, applies when dealing with "apprehension and detention of aliens," upon "a warrant issued by the Attorney General, an alien may

5

be arrested or detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a).

The Court therefore rejects Respondent's overly broad reading of Section 1225(b)(2)(A) and finds it contrary to the plain language of the statutes, the overall structure, the intent of Congress, and over 30 years of agency action. Section 1226(a) applies to a noncitizen like Calderon Mendez—not § 1225(b)(2)(A)—based on the Court's prior statutory analysis in: *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771 (E.D. Mich. 2025); *Sandoval v. Raycraft*, --- F. Supp. 3d ----, No. 2:25-CV-12987, 2025 WL 2977517 (E.D. Mich. Oct. 17, 2025); *Contreras-Cervantes v. Raycraft*, --- F. Supp. 3d ----, No. 2:25-CV-13073, 2025 WL 2952796 (E.D. Mich. Oct. 17, 2025); *Pacheco Mayen v. Raycraft*, --- F. Supp. 3d ----, No. 2:25-CV-13056, 2025 WL 2978529 (E.D. Mich. Oct. 17, 2025); *Casio-Mejia v. Raycraft*, --- F. Supp. 3d ----, No. 2:25-CV-13032, 2025 WL 2976737 (E.D. Mich. Oct. 21, 2025); *Santos Franco v. Raycraft*, --- F. Supp. 3d ---, No. 2:25-CV-13188, 2025 WL 2977118 (E.D. Mich. Oct. 21, 2025); *Velasco-Sanchez v. Raycraft*, --- F. Supp. 3d ----, No. 2:25-CV-13730, 2025 WL 3553672 (E.D. Mich. Dec. 11, 2025).[2]

---

[2] To the extent that Respondents rely on the recent decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 166 F.4th 494 (5th Cir. Feb. 6, 2026) to support its argument that § 1225(b)(2) applies, the Court rejects that for the reasons set forth in the dissent of that opinion. *See* 166 F.4th at 508-521 (J. Douglas Dissent). Moreover, the Respondents recognize that the holding in *Buenrostro-Mendez* is not binding on this Court, and the Court instead is persuaded by the multitude of other opinions that have held the opposite. *See Martinez-Elvir v. Olson*, 807 F. Supp. 3d 725, 741 (W.D. Ky. 2025) (collecting cases within the Sixth Circuit).

## C.     DUE PROCESS

Calderon Mendez also argues that his continued detention violates due process.  Respondent refutes his argument on the grounds that (1) the agency is merely complying with controlling law; (2) Petitioner received notice of the charges against him, has not been denied access to counsel, attended a hearing before an immigration judge, can request bond and appeal any immigration court bond decision, and has only been detained for a few months; and (3) unlawful detention does not constitute unconstitutional detention.  ECF No. 5, PageID.92-93.  The Court again agrees with Petitioner.  Calderon Mendez's detention under the mandatory detention framework violates his due process rights for the reasons previously stated in this Court's Due Process analysis in: *Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771 (E.D. Mich. 2025); *Sandoval v. Raycraft*, --- F. Supp. 3d ----, No. 2:25-CV-12987, 2025 WL 2977517 (E.D. Mich. Oct. 17, 2025); *Contreras-Cervantes v. Raycraft*, --- F. Supp. 3d ----, No. 2:25-CV-13073, 2025 WL 2952796 (E.D. Mich. Oct. 17, 2025); *Pacheco Mayen v. Raycraft*, --- F. Supp. 3d ----, No. 2:25-CV-13056, 2025 WL 2978529 (E.D. Mich. Oct. 17, 2025); *Casio-Mejia v. Raycraft*, --- F. Supp. 3d ----, No. 2:25-CV-13032, 2025 WL 2976737 (E.D. Mich. Oct. 21, 2025); *Santos Franco v. Raycraft*, --- F. Supp. 3d ---, No. 2:25-CV-13188, 2025 WL 2977118 (E.D. Mich. Oct. 21, 2025); *Velasco-Sanchez v. Raycraft*, --- F. Supp. 3d ----, No. 2:25-CV-13730, 2025 WL 3553672 (E.D. Mich. Dec. 11, 2025).

**D.     REMAINING CLAIMS AND REQUESTED FORMS OF RELIEF**

Given that the Court has granted the § 2241 Petition as set forth above, the Court need not address Petitioner's remaining claims and forms of relief.

**IV.**

Accordingly, Calderon Mendez's Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**. Respondent is **HEREBY ORDERED** to immediately release Calderon Mendez, or in the alternative, provide him with a bond hearing under 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order.

**IT IS FURTHER ORDERED** that Respondent is **ENJOINED** from pursuing detention on the basis of 8 U.S.C. § 1225(b)(2)(A).

**IT IS FURTHER ORDERED** that Respondent shall file a Status Report with this Court on or before March 17, 2026, to certify compliance with this Order.  The Status Report shall include if and when the bond hearing occurred, if bond was granted or denied, and if denied, the reasons for that denial.

**IT IS SO ORDERED.**

Dated: March 5, 2026                           /s/ Brandy R. McMillion
    Detroit, Michigan                          Hon. Brandy R. McMillion
                                      United States District Judge